526 So.2d 547 (1988)
Nathaniel Rociman MAYOZA
v.
Laura Beth (Harvey) MAYOZA.
No. 57914.
Supreme Court of Mississippi.
June 3, 1988.
Leonard McClellan, Oxford, for appellant.
D. Russell Jones, Jr., Southaven, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents a claim for relief from the Chancery Court's refusal to vacate a final judgment of divorce entered following an uncontested hearing. Appellant Nathaniel Mayoza says he made no contest because he was too broke to hire a lawyer and did not know he could appear and defend without one. The Chancery Court denied his motion to vacate. Finding this ruling within that Court's discretionary authority, we affirm.

II.
On June 9, 1986, Laura Beth Harvey Mayoza filed in the Chancery Court of DeSoto County, Mississippi, her complaint for divorce naming as Defendant her husband, Nathaniel Rociman Mayoza. The Sheriff's return reflects that Nathaniel was personally served with process on June 10, 1986. In language quite plain and unequivocal, the summons advised Nathaniel that his answer was due in thirty days.[1]
*548 According to the record Nathaniel made no response or appearance. On July 23, 1986, some 43 days after service of process, Laura Beth appeared before the Chancery Court in accordance with the custom and usage for handling uncontested divorces. The Chancery Court thereupon found that Nathaniel was guilty of habitual and inhuman treatment and adjudged that the parties be divorced. The judgment further provided that Nathaniel pay to Laura Beth the sum of $400.00 per month as permanent alimony and that she be awarded exclusive use and possession of the parties' residence in Hernando, Mississippi, together with all household goods and appliances and personal effects.
On July 24, 1986, Nathaniel appeared pro se and filed a motion to set aside or rehear. The Chancery Court heard the matter on July 29, 1986, at which time Nathaniel appeared without counsel. The hearing was marked by Nathaniel's lay effort to excuse his default and obtain relief from the judgment of divorce on grounds that he did not know he could appear and defend pro se. Nathaniel described his efforts to get a lawyer but testified that no one would represent him because he could not pay a fee. Nathaniel made no showing of any colorable defense to the merits of the complaint for divorce, that is, the charge of habitual cruel and inhuman treatment. He argued, however, that his precarious financial position would make it impossible for him to meet the alimony payments ordered and that some of the personal effects in the residence were not his.
In the end, the Chancery Court held that Nathaniel's showing was insufficient to justify vacation of the judgment of divorce, and on July 30, 1986, the Court entered an order overruling his motion to set aside and rehear. It is from this latter order that Nathaniel now appeals.

III.

A.
We need to clarify the focus of our procedural context. The handling of the matters in issue, both here and below, is regulated and governed by the Mississippi Rules of Civil Procedure. Our starting point is Rule 81(a)(9), Miss.R.Civ.P., which provides for limited applicability of the Civil Rules to all proceedings under Title 93 of the Mississippi Code of 1972. Actions for divorce arise under Title 93, more specifically, under Miss. Code Ann. § 93-5-1 et seq. (1972 and Supp. 1987). Rule 81 provides that the Civil Rules are auxiliary to and suppletive of the statutory rules of procedure, that is, to the extent that the statutory procedural scheme be silent, or not inconsistent, the Mississippi Rules of Civil Procedure govern, but to that extent only. Clark v. Whiten, 508 So.2d 1105, 1107 (Miss. 1987); Vining v. Mississippi State Bar Association, 508 So.2d 1047, 1048 (Miss. 1987); Bias v. Bias, 493 So.2d 342, 343 n. 1 (Miss. 1986); First Mississippi National Bank v. KLH Industries, Inc., 457 So.2d 1333, 1336 (Miss. 1984).
Seen in this light, we are concerned with a special kind of default judgment. Miss. Code Ann. § 93-5-17 (1972) provides that uncontested actions for divorce must nevertheless be heard in open court. By mandate of Rule 81(a)(9), the judgment by default procedure under Rule 55 is supplanted. In practical effect, however, the Rules carry forward preexisting practice. Rule 55(e) provides that judgment by default in actions for divorce or annulment of marriage may only be granted where
the claimant establishes his claim or rights to relief by evidence, provided, however, that divorces on grounds of irreconcilable differences may be granted pro confesso as provided by statute.
This in essence is what the statutes provide. Legally and legalistically, the statutory procedure governs, as it existed pre-January 1, 1982, and as it exists today.[2]
Nothing in our divorce statutes, however, prescribes a procedure for reconsideration of or reopening of default/uncontested divorces. For this reason, Nathaniel's motion to set aside was and is governed by two procedural rules, neither of which has been supplanted in any way by Rule 81-empowered statutory procedures. See Rules 59 and 60(b), Miss.R.Civ.P. The motion may be treated as one for a new trial under *549 Rule 59, inasmuch as it was filed and served within ten days after entry of the judgment. Alternatively, the motion may be treated as one for relief from a judgment or order under Rule 60(b).
In either event we enter an area which according to our cases has largely been committed to the sound discretion of the Chancery Court. We refer here to our cases regarding appellate review of trial court dispositions of motions to vacate default judgments. See, e.g., H & W Transfer and Cartage Service, Inc. v. Griffin, 511 So.2d 895, 898-900 (Miss. 1987); Pointer v. Huffman, 509 So.2d 870 (Miss. 1987); Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 388-89 (Miss. 1987); Bryant, Inc. v. Walters, 493 So.2d 933, 937-39 (Miss. 1986). Analogous on principle are our cases regarding motions for new trial in civil cases. See, e.g., Salter v. Watkins, 513 So.2d 569, 574 (Miss. 1987); Clark v. Whiten, 508 So.2d 1105, 1109 (Miss. 1987); Coastal States Ltd. v. City of Gulfport, 480 So.2d 1113, 1116 (Miss. 1985).
Appellate review of trial court discretion eschews any notion of mechanical jurisprudence. Hence, we often articulate our scope of review as permitting reversal only where we are convinced the trial court has abused its discretion. The existence of trial court discretion, as a matter of law and logic, necessarily implies that there are at least two differing actions, neither of which if taken by the trial judge will result in reversal. Abuse of discretion necessarily contemplates some third course of action not authorized by law and which, if taken, will result in reversal.

B.

1.
Turning to the merits of today's appeal, we find that our cases have noted certain factors that ought be considered, weighed and balanced in determining whether a trial court correctly denied a Rule 60(b) motion for relief from a judgment entered by default. These include whether there was a bona fide excuse for failure to answer timely, whether the party in default had a colorable defense on the merits, and whether prejudice would result to the non-offending party if the judgment be set aside. See H & W Transfer and Cartage Service, Inc. v. Griffin, 511 So.2d 895, 898-99 (Miss. 1987); Pointer v. Huffman, 509 So.2d 870, 876 (Miss. 1987); Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 387-88 (Miss. 1987); Bryant, Inc. v. Walters, 493 So.2d 933, 937 (Miss. 1986).
Here, Nathaniel's excuse for failure to answer timely was that he was without funds to employ a lawyer and he did not know that he could answer without a lawyer. The Chancery Court made clear that it found this excuse rather unbelievable considering that Nathaniel was no newcomer to divorce court, having on three prior occasions been a party to an uncontested divorce proceeding. Furthermore, the Chancery Court found Nathaniel to be a person of ordinary intelligence with two years of college education and that his excuse simply did not hold water.
Nathaniel offers no suggestion that he has a defense on the merits of the claim of grounds for divorce, habitual cruel and inhuman treatment, the liability phase of the divorce action, if you will. On the other hand, he does assert that his general state of impecuniousness would be a factor that would mitigate against the alimony award and that some of the personal effects ordered given to Laura Beth are not his.
Finally, the prejudice to the non-offending party would simply be that occasioned through loss of memory of witnesses. See H & W Transfer and Cartage Service, Inc. v. Griffin, 511 So.2d 895, 899 (Miss. 1987). Beyond that there would be substantial prejudice in the absence of alimony for several years.

2.
Rule 59 imports a different, stricter standard. In this non-jury setting the Chancery Court necessarily focuses upon the merits of the case. The Court has the discretion to order a rehearing or to alter or amend the judgment if convinced that a mistake of law or fact has been made, or that injustice would attend allowing the judgment to stand. The ground rules include *550 those that preexisted the Civil Rules regarding the grant or denial of trial court rehearings.
Here one powerful consideration is Nathaniel's failure to offer any basis for believing that there was any error in the original finding of the habitual cruel and inhuman treatment grounds for divorce. Similarly his protestations regarding inability to pay alimony and lack of ownership of personal effects currently fall on deaf ears. Nathaniel made no showing of newly discovered evidence. He offered no reason why he could not have appeared at the July 23, 1986, trial and offered these evidentiary defenses.
All things considered, whether the motion be considered one under Rule 59 or under Rule 60(b), we find that the Chancery Court acted well within its discretion when it overruled and denied Nathaniel's request that the judgment of divorce be vacated.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] The operative language of the summons is as follows:

NOTICE TO DEFENDANT(S)
The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.
You are required to mail or hand-deliver a copy of a written response to the Complaint to D. Russell Jones, Jr., the attorney for the Plaintiff(s), whose address is P.O. Box 671, Southaven, MS 38671. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things in the complaint.
You must also file the original or your response with the Clerk of this Court within a reasonable time afterward.
[2] What is said above concerns only the procedure for obtaining judgment by default. The divorce statutes do not address the matter of entry of default. That process is governed by Rule 55(a) as in other civil actions. See Mississippi State Bar v. Attorney L, 511 So.2d 119, 122 (Miss. 1987); In Re City of Ridgeland, 494 So.2d 348, 354 (Miss. 1986).