738 So.2d 1259 (1999)
Johnny Lee STINSON, Appellant,
v.
Ramona Gay (Shelby) STINSON, Appellee.
No. 98-CA-00619-COA.
Court of Appeals of Mississippi.
April 20, 1999.
*1260 John Thomas Lamar, Jr., Senatobia, Attorney for Appellant.
Steven Glen Roberts, Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Ramona Stinson filed for divorce. Her husband Johnny Lee Stinson was served with process but failed to answer the complaint or appear at the hearing. Mrs. Stinson was granted a divorce based on adultery. Mr. Stinson's motion for reconsideration, alleging that Mrs. Stinson intentionally kept the hearing date secret from him, was denied. In addition to allegations of procedural defects, Mr. Stinson also alleges error in the child support and property division. We find no error in the chancellor's procedure when the defendant has not filed an answer. However, we do find error that the chancellor did not follow *1261 the mandate to express his findings on issues of equitable distribution and child support. We reverse for further proceedings.

FACTS
¶ 2. Ramona and Johnny Lee Stinson were married on August 20, 1988. Two children were born, Jon Alex Stinson and Cassidy LeeAnn Stinson. At some stage prior to May 1997, Mrs. Stinson filed for divorce on the grounds of adultery and habitual cruel and inhuman treatment. An evidentiary hearing was held in May or June 1997, and the chancellor denied the divorce by order in June. No formal record of those proceedings or copies of pleadings appear, but Mrs. Stinson testified to this effect at a hearing in the present case.
¶ 3. On August 27, 1997, Mrs. Stinson again filed for divorce. Again she charged adultery and inhuman treatment and also sought a divorce based on irreconcilable differences. Process was issued and a return indicated that it was personally served on September 25, 1997. Mr. Stinson never answered the complaint. He later testified that he talked several times with his wife by telephone, attempting to negotiate a resolution. Allegedly unknown to him, she was proceeding with the complaint in court without him.
¶ 4. On December 8, 1997, the date scheduled for uncontested matters in that court, the chancellor heard testimony from Mrs. Stinson and one corroborating witness. Mr. Stinson was not present. The chancellor granted Mrs. Stinson a divorce on the ground of adultery. The chancellor awarded custody of the children to Mrs. Stinson and required Mr. Stinson to pay $1,100 per month in child support, to maintain health insurance coverage on behalf of the children, to procure a life insurance policy on his life naming the children as beneficiaries, to pay the children's private school tuition, and to pay the second mortgage on the marital home. Mrs. Stinson would be responsible for paying the first mortgage; however, she was granted sole possession of the home. She also received one-half of Mr. Stinson's pension/profit sharing plan. Mr. Stinson was ordered to pay Mrs. Stinson's attorney's fees and all court costs.
¶ 5. Mr. Stinson filed a motion to reconsider, arguing that he had not been informed of the December 8 hearing date. He also challenged several of the awards, arguing that Mrs. Stinson received benefits that she had not requested in her complaint. A hearing on the motion was held on March 19, 1998, after which the chancellor denied the motion.

DISCUSSION

I. Absence of notice prior to the divorce decree
¶ 6. Mr. Stinson argues that he was entitled to notice of the December 8, 1997 hearing. He alleges that due to ongoing negotiations with Mrs. Stinson, he was unaware that she was going forward with the divorce proceedings. Moreover, he claims that she intentionally concealed the hearing date from him and caused him to refrain from seeking legal counsel.
¶ 7. Two separate points are important. First, notice of hearings must be sent to those who have answered complaints. There is no obligation to mail notice of hearings to those who have failed to answer and thus have not made an appearance in the case. Second, failure to answer a complaint, even one for divorce, allows the trial court to proceed without the defendant. We discuss both.
¶ 8. Mr. Stinson argues that a rule requiring notice of hearings to be sent to parties required that he be mailed that notice. M.R.C.P. 40(b). The rule applies to divorce actions. King v. King, 556 So.2d 716, 719 (Miss.1990). We agree the rule applies, but it requires notice to be sent to "attorneys and parties without attorneys" of the setting of the docket. M.R.C.P. 40(b). In the case upon which Mr. Stinson relies, the defendant who was harmed by failure to comply with the rule had answered the complaint and was represented *1262 by counsel. King, 556 So.2d at 717.
¶ 9. The threshold issue is whether someone who has been served but who has not appeared either by filing an answer or taking some alternative step, is to receive notice under Rule 40. The second question is whether Rule 40 even applies to this kind of hearing, which was the normal ex parte or uncontested matter day for this judge in this county. Taking the second part first, we find no reason in the language of Rule 40 itself to interpret the regular holding of an ex parte day to be something that has to be sent as notice to the parties. Rule 40 is talking about the trial docket, which would not in our view include the uncontested motion schedule. The comment to the rule states that the purpose is to assure "that the parties receive appropriate notice at important stages of the process." M.R.C.P. 40 cmt. A regular time for uncontested matters to be heard by a particular judge would not fall under that description. What makes a stage important is that it advances the resolution of a dispute. When there is no dispute, either because one party is not participating in the case or the matter is otherwise agreed, there seems no purpose for mailing notice of such hearings.
¶ 10. Regardless of the applicability of Rule 40 to notice of matters to be taken up at the day for uncontested motions, there is a clearer reason that Mr. Stinson need not have been sent notice. Since he never answered the complaint, he is not in a manner recognized by the rules participating in the action. Someone who has declared by silence that he does not wish to respond to the court need not be sent notice. The rules of procedure give a specific length of time to answer. If the defendant refuses the case may proceed without him and without asking at each new step whether he has changed his mind about participating.
¶ 11. That this applies even to a hearing such as occurred here is shown by the rule on taking default judgments. We discuss below why the default judgment rules are not directly applicable, but for now we address the normal default. If a party against whom judgment by default is sought has appeared in the suit, three days' notice must be given before the hearing on that judgment. M.R.C.P. 55(b). The comment shows that the negative implication of the rule is correct. "On the other hand, when a defaulting party has failed to appear, thereby manifesting no intention to defend, he is not entitled to notice of the application for a default judgment under this rule." M.R.C.P. 55 cmt. The hearing will proceed and judgment be entered for a precise amount of damages without notice to the party who has manifested no intent to participate.
¶ 12. We next discuss why the default rules are not directly applicable. One precedent is similar in almost all respects except that the defendant did not argue the notice issue. Mayoza v. Mayoza, 526 So.2d 547 (Miss.1988). The husband was served with a complaint for divorce but failed to file an answer. The plaintiff-wife "appeared before the Chancery Court in accordance with the custom and usage for handling uncontested divorces." Id. at 548. The chancellor granted a divorce on the ground of habitual cruel and inhuman treatment. Within ten days, the now-former husband filed a motion to set aside or rehear the matter, arguing that he was unable to afford an attorney and did not realize that he could appear pro se. The chancellor denied his motion. Id.
¶ 13. On appeal the supreme court first noted that a statute prohibits the taking of a default in a divorce. Miss.Code Ann. § 93-5-17 (Rev.1994). It interpreted that statute this way:
By mandate of Rule 81(a)(9), the judgment by default procedure under Rule 55 is supplanted. In practical effect, however, the Rules carry forward preexisting practice. Rule 55(e) provides that judgment by default in actions for divorce or annulment of marriage may only be granted where `the claimant establishes *1263 his claim or rights to relief by evidence....'
Mayoza, 526 So.2d at 548. A judgment in a divorce case entered after the default of the defendant to answer was "a special kind of default judgment." Id. A defaulting party's motion, if filed within ten days, could be treated as a motion for reconsideration under Rule 59; even if the motion was delayed beyond ten days, it would be a motion for relief from judgment under Rule 60. Id. at 548-49. Under Rule 59, "[t]he Court has the discretion to order a rehearing or to alter or amend the judgment if convinced that a mistake of law or fact has been made, or that injustice would attend allowing the judgment to stand." Id. at 549. Since Mayoza was decided, the court has determined that if "a motion calls into question the correctness of all or any part of a judgment ... and where the motion is filed within the time allowed by Rule 59, we will presume that the motion has been filed under Rule 59 without regard to how it may be styled." Bruce v. Bruce, 587 So.2d 898, 904 (Miss.1991).
¶ 14. The defaulting husband in Mayoza "made no showing of newly discovered evidence. He offered no reason why he could not have appeared at the July 23, 1986 trial and offered these evidentiary defenses." Mayoza, 526 So.2d at 550.
¶ 15. A defendant's failure to answer does not drag a divorce case to a halt. Instead, the plaintiff must, at a hearing, prove the allegations that support the receipt of a divorce. If that is done, then the chancellor has authority to grant the divorce despite the absence of the defendant. Rawson v. Buta, 609 So.2d 426, 430 (Miss. 1992).
¶ 16. We therefore hold that the chancellor's conducting the hearing without Mr. Stinson is appropriate under the rules. At the hearing, Mrs. Stinson and a corroborating witness testified, a divorce was granted, and various monetary awards were made. After learning the cost of default, Mr. Stinson took advantage of his right to seek reconsideration. The chancellor did not change his view.
¶ 17. On appeal Mr. Stinson argues that the absence of notice requires the judgment be set aside. He does not argue that he had a defense to the judgment. He did not offer proof undermining the grounds of adultery, nor otherwise indicate that the divorce itself was improvidently granted. He does not allege that insufficient proof was submitted to justify the divorce. We have reviewed the procedural complaint and find no merit to that issue.

II. Relief not specifically requested
¶ 18. Mr. Stinson challenges the chancellor's order requiring that he provide medical insurance for his children, that he procure and maintain a life insurance policy on his own life naming his children as beneficiaries, that he be responsible for his children's private school tuition, that he pay the second mortgage on the home, and that Mrs. Stinson receive one-half of his pension/profit sharing plan. Mr. Stinson argues that Mrs. Stinson did not specifically request any of this relief in her complaint and is therefore not entitled to it.
¶ 19. In her complaint, Mrs. Stinson requested (1) a divorce; (2) alimony; (3) an increase of child support previously awarded by the court; (4) temporary and permanent use, possession, control and title of the joint residence of the parties; (5) equitable division of the household furnishings, appliances, and all other personal property; (6) attorney's fees and court costs; (7) equitable division of the debts acquired during the marriage; and (8) "such other further and more general relief as the Court deems appropriate."
¶ 20. Submission of the issue of child support to a chancellor necessarily entails submission of all matters touching on that subject. Brennan v. Brennan, 638 So.2d 1320, 1325 (Miss.1994). "Such issues include but are not necessarily limited to: insurance, both hospitalization and life insurance, college and the cost thereof; and any matter or fact that impacts on child support." Id.
*1264 ¶ 21. The awards relating to the children were properly made based on her request for "an increase in child support from the previous order." As for the remaining itemsrequiring Mr. Stinson to assume the second mortgage on the home and awarding Mrs. Stinson one-half his pension/profit sharing planthe court has recognized that under a general prayer, any relief may be granted that is justified by the complaint and which is supported by the evidence, absent surprise or prejudice to the defendant. Smith v. Smith, 607 So.2d 122, 127 (Miss.1992).
¶ 22. Mr. Stinson relies on a procedural rule that a "final judgment shall not be entered for a monetary amount greater than that demanded in the pleadings...." M.R.C.P. 54(c). The meaning of that provision arose in another appeal after a chancellor awarded alimony though it was not requested in the complaint. Queen v. Queen, 551 So.2d 197, 199 (Miss.1989). A post-judgment amendment to the complaint which failed to demand a specific amount of alimony was allowed by the chancellor. Although the defendant argued that Rule 54(c) prohibited an award of alimony, the court rejected such an argument, explaining that
Because the amount and form of alimony to be awarded incident to a divorce are so much a matter within the discretion of the chancery court, parties and attorneys have long placed the issue before the court by demands expressed as "an award of alimony in such amount and in such form, payable at such intervals, as the court may deem fair and equitable under the circumstances to be developed at trial," or some such equivalent language. We are not about to hold that Rule 54(c) abrogates this practice absent a far more express statement in the rule.
Id. at 202.
¶ 23. Mrs. Stinson requested alimony in the complaint and that is sufficient.

III. Specific findings of fact
¶ 24. Finally, Mr. Stinson contends that the chancellor failed to make the necessary specific findings of fact in regard to equitable division of the marital property. Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). He also points to the lack of a specific finding that the award of child support met the statutory guidelines. We do not know on this record what amount the chancellor considered to be Mr. Stinson's income and therefore cannot determine whether the child support guidelines were followed. A deviation from the guidelines must be explained on the record by the chancellor. Miss.Code Ann. § 43-19-101(2) (Supp.1998).
¶ 25. All that is in the chancellor's final decree relevant to this point are the awards themselves$1100 per month in child support, that Mrs. Stinson is a fit person for custody (which apparently was more thoroughly determined in an earlier action), that Mr. Stinson is to provide health insurance on the children, that the residence is awarded to Mrs. Stinson and the obligations on the two mortgages are divided, that a business is awarded entirely to Mr. Stinson and ½ of a profit sharing and pension plan is awarded to Mrs. Stinson.
¶ 26. Mr. Stinson defaulted and the court was entitled to proceed. However, the court had to make certain that the obligation to explain the rulings was as rigorously followed in a default situation as in a normal evidentiary contest between two parties. The statutory guidelines for child support required that we have some basis to determine whether a deviation was occurring.
¶ 27. To distribute marital property equitably, certain guidelines must be followed. After making distribution, chancellors must support their "decisions with findings of fact and conclusions of law for purposes of appellate review." Ferguson, 639 So.2d at 928. To support an award of attorney's fees, there must be evidence and a finding that the person being awarded the fees was unable to pay. None of that appears in the decree.
¶ 28. It is true that when a decree has been entered, a presumption arises *1265 that sufficient evidence was heard to sustain the decree. Wade v. Wade, 419 So.2d 584, 585 (Miss.1982). The problem here is not assumptions about evidence, but silence about findings. Mr. Stinson states that the property division and the support for the children were in error, but does not attack the decision regarding custody. Thus we do not disturb the decision regarding custody, nor the granting of the divorce itself because specific findings on the grounds for divorce are not required. We reverse and remand for such further proceedings as the chancellor deems necessary in order that complete findings of fact and conclusions of law can be entered on the monetary awards, consistent with Ferguson, the statutory guidelines for child support, and the requirements for awarding attorney's fees.
¶ 29. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT GRANTING A DIVORCE IS AFFIRMED. THE JUDGMENT IS IN ALL OTHER RESPECTS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS. COSTS OF THIS APPEAL ARE TAXED EQUALLY TO THE PARTIES.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.