BARNES, J.,
 

 for the Court.
 

 ¶ 1. Michael Carlisle appeals the judgment of the Chancery Court of Harrison County, which granted Katrina Carlisle a divorce from him and awarded her certain marital property and attorney’s fees. Mr. Carlisle argues that the record shows no proof of service upon him and no notice of trial; thus, the judgment should be set aside. Finding the judgment proper, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The Carlisles were married in June 1996. The couple had no children. They separated in July 2006. Mrs. Carlisle filed for divorce on November 14, 2006, on the grounds of habitual cruel and inhuman treatment, irreconcilable differences, desertion, habitual drug usage, or adultery. She requested an equitable distribution of the businesses and personal property of the parties, as well as attorney’s fees.
 

 ¶ 3. On June 18, 2007, a hearing was held on the matter in the Harrison County Chancery Court. Mr. Carlisle was called in open court and did not appear for the hearing, nor had he filed an answer, filed other pleadings, or entered an appearance in this cause. Two witnesses, Mrs. Car-lisle and another woman, testified to Mr. Carlisle’s adultery during the marriage. The chancellor entered an order granting Mrs. Carlisle a divorce on the ground of adultery, title to certain real property, and $2,000 in attorney’s fees. The order indicates that Mr. Carlisle “was personally served with Rule 4 process on December 16, 2006”; however, the case docket in the record does not show a return of process having been filed. Mr. Carlisle appealed in July 2007, raising the issue of improper service of process and notice of the hearing.
 

 ¶ 4. In an attempt to supplement the record, Mrs. Carlisle attached documents to her alleged “record excerpts” showing when Mr. Carlisle was served. However, in August 2008, this Court granted Mr. Carlisle’s motion to strike these documents.
 
 [1]
 
 Subsequently, this Court, on its own initiative, pursuant to Mississippi Rule of Appellate Procedure 10(e), requested that the chancery court supplement the record to reflect what the court relied upon in making its determination that Mr. Carlisle was served with process on December 16, 2006. In December 2008, in response to this Court’s order to identify all evidence relied upon in making the finding that Mr. Carlisle was personally served with process, the chancery court supplemented the record to include two
 
 *144
 
 additional documents: the summons issued by the chancery court clerk to Mr. Carlisle dated November 16, 2006, and the proof of service, which was signed by the process server indicating personal service on Mr. Carlisle.
 
 [2]
 
 The chancellor also responded with a supplemental order explaining that when Mr. Carlisle did not appear at the hearing, he asked Mrs. Carlisle’s counsel for proof that Mr. Carlisle had been served, at which point Mrs. Carlisle’s counsel then provided the summons return indicating that personal service had been perfected on Mr. Carlisle on December 16, 2006. The chancellor reviewed the document and then returned it to Mrs. Car-lisle’s counsel.
 

 ¶ 5. Both parties filed supplemental briefs in response to the chancery court’s supplementation of the record. Understandably, Mr. Carlisle no longer argues lack of service of process; instead, he concentrates on the lack of notice of the divorce hearing.
 
 [3]
 

 STANDARD OF REVIEW
 

 ¶ 6. “This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.”
 
 Wilburn v. Wilburn,
 
 991 So.2d 1185, 1190(¶ 10) (Miss.2008) (quoting
 
 Sanderson v. Sanderson,
 
 824 So.2d 623, 625-26(¶8) (Miss.2002)). Reversal of a chancellor’s findings of fact occurs only when there is no “substantial credible evidence in the record” to justify his finding.
 
 Jundoosing v. Jundoosing,
 
 826 So.2d 85, 88(¶ 10) (Miss.2002) (citing
 
 Henderson v. Henderson,
 
 757 So.2d 285, 289(¶ 19) (Miss.2000)).
 

 ¶ 7. Whether the chancery court has jurisdiction to hear a particular matter is a question of law, and this Court will apply a de novo standard of review.
 
 In re Adoption of D.N.T.,
 
 843 So.2d 690, 697(¶12) (Miss.2003) (citing
 
 Burch v. Land Partners, L.P.,
 
 784 So.2d 925, 927(¶7) (Miss.2001)).
 

 ANALYSIS
 

 ¶ 8. In his initial brief, Mr. Carlisle claimed that the record was devoid of any proof that service of process was delivered to him. He argued that the chancery court thus had no personal jurisdiction over him because service of process was not completed within 120 days, pursuant to Mississippi Rule of Civil Procedure 4(h).
 

 ¶ 9. According to the chancery court order supplementing the record, Mr. Carlisle was personally served with Rule 4 process, as required in divorce cases, on December 16, 2006. Mrs. Carlisle properly served Mr. Carlisle within 120 days of the filing of the complaint, as required by Rule 4(h). Additionally, according to Rule 4(f), the person serving the process is required to make proof of service promptly to the court. However, “[fjailure to make proof of service does not affect the validity of the service.” M.R.C.P. 4(f). The chancery court’s supplementation of the record establishes that the proof of service document was presented to the chancellor by Mrs. Carlisle’s counsel at the divorce hearing on June 18, 2007. Therefore, the chancery court was correct in determining that
 
 *145
 
 it had personal jurisdiction over Mr. Car-lisle.
 

 ¶ 10. The record also shows that no notice of the divorce hearing was given to Mr. Carlisle, as he complains. Rule 40(b) of the Mississippi Rules of Civil Procedure states that notice of setting of the trial docket must be sent to “all attorneys and parties without attorneys.”
 
 King v. King,
 
 556 So.2d 716, 718 (Miss.1990). However, while notice of hearings must be sent to those that have answered complaints, “[tjhere is no obligation to mail notice of hearings to those who have failed to answer and thus have not made an appearance in the case.”
 
 Stinson v. Stinson,
 
 738 So.2d 1259, 1261(¶7) (Miss.Ct.App.1999). As explained in
 
 Stinson,
 
 also a divorce case, a party who does not answer the complaint is not recognized by the rules as participating in the action.
 
 Id.
 
 at 1262(¶ 10).
 

 ¶ 11. In his supplemental brief, Mr. Carlisle argues that
 
 Rawson v. Buta,
 
 609 So.2d 426 (Miss.1992) is controlling and supports his argument that the chancellor erred in not notifying him of the hearing. In
 
 Rawson,
 
 the supreme court held that Mississippi Code Annotated section 93-5-7 (Supp.1992) “does not bar a defendant from presenting proof rebutting the plaintiffs proof, although he or she may not have filed an answer.”
 
 Rawson,
 
 609 So.2d at 430. Mr. Carlisle argues that because he was not given notice of the divorce hearing, he was not given an opportunity to present evidence rebutting Mrs. Car-lisle’s claims, in opposition to
 
 Rawson.
 
 However,
 
 Rawson
 
 is distinguishable from the instant case. The issue in
 
 Rawson
 
 was not notice of the hearing, which the defendant apparently received, as he was physically present and represented by counsel at the hearing, but the defendant’s presentation of evidence at the hearing. Furthermore, in
 
 Rawson,
 
 the defendant answered the complaint, albeit in an untimely manner, and filed a counter-complaint for divorce.
 
 Id.
 
 at 428-29. Thus, the defendant could be viewed as actively participating in his own defense, unlike Mr. Carlisle, who chose to ignore the proceeding entirely until a judgment was rendered against him. In
 
 Rawson,
 
 before the divorce hearing, the chancellor granted the plaintiffs motion to strike the defendant’s answer as untimely and proceeded to hear the action as uncontested, instructing the defense attorney that he could offer no proof at the hearing (although he did cross-examine the plaintiffs witnesses).
 
 Id.
 
 at 429, 432. The supreme court found the chancellor erred in this instruction.
 
 Id.
 
 at 430. In the instant case, Mr. Car-lisle made no appearance, timely or otherwise, before the chancery court. Therefore, he was not given notice of the hearing pursuant to Rule 40(b).
 
 Rawson
 
 is simply inapplicable.
 

 ¶ 12. In analyzing the procedural rules in conjunction with the state’s divorce statutes, we find Mississippi law is clear that “failure to answer a complaint, even one for divorce, allows the trial court to proceed without the defendant.”
 
 Stinson,
 
 738 So.2d at 1261(¶ 7). While no divorce by default judgment may be obtained, a claimant is not barred from obtaining an uncontested divorce.
 
 Lindsey v. Lindsey,
 
 818 So.2d 1191, 1194(¶ 13) (Miss.2002). “A defendant’s failure to answer does not drag a divorce case to a halt. Instead, the plaintiff must, at a hearing, prove the allegations that support the receipt of a divorce. If that is done, then the chancellor has authority to grant the divorce despite the absence of the defendant.”
 
 Stinson,
 
 738 So.2d at 1263(¶ 15) (citing
 
 Rawson,
 
 609 So.2d at 430).
 

 ¶ 13. Mr. Carlisle did not file an answer or otherwise respond to the complaint that
 
 *146
 
 had been served on him. Nor did he, or any counsel, file an entry of appearance until after the June 18, 2007, judgment. Therefore, since he did not respond to the court regarding this action, the court was not required under the rules to send him notice of the divorce hearing. Accordingly, we find that the chancery court’s judgment is proper.
 

 ¶ 14. THE JUDGMENT OP THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . It should go without saying that a document cannot be a record "excerpt” if it is not contained in the record itself. However, we find with some frequency parlies trying to correct the record informally, as was attempted by Mrs. Carlisle, rather than following the procedure outlined in Mississippi Rule of Appellate Procedure 10(e).
 

 [2]
 

 . These documents had been filed with the chancery court after the notice of appeal had been filed.
 

 [3]
 

 . Mr. Carlisle does not argue that he had a defense to the judgment to disprove the ground of adultery or any other substantive proof that would show the divorce was improperly granted. Nor does he attack the chancery court's property distribution or grant of attorney’s
 
 fees.