ISHEE, J.,
for the Court:
¶ 1. In May 2013, the Jones County Chancery Court granted Larry Bolivar a divorce on the ground of desertion from Teresa Bolivar. Teresa filed a motion to set aside the judgment of divorce on June 12, 2013, alleging that she had not been served properly. Following a July 2013 hearing, the chancery court denied the motion. Teresa filed a motion for reconsideration, which was also denied. Aggrieved, *1036 Teresa appeals. Finding no error, we affirm the judgment of the chancery court.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Larry and Teresa were married in 1981. Together, they had two sons, who were both emancipated at the time of these proceedings. On February 19, 2013, Larry filed for divorce on the ground of desertion. A summons was issued for Teresa on March 12, 2013, stating that she had thirty days from the date of the delivery to respond or a judgment by default would be entered. Process was served on Teresa on March 21, 2013.
¶ 3. A trial was held on May 8, 2013. At the beginning of the trial, the chancery court acknowledged that process had been served on Teresa but that she had failed to respond or appear. The trial then proceeded with the testimony of Larry and Joe Parker. Larry testified that Teresa had left the marital home in September 2011 and had not returned. Larry stated that he made attempts to reconcile with Teresa, but that she had no intentions of returning to the marriage. Larry then testified regarding accumulated property and personal financial contributions during the marriage.
¶4. Parker testified to knowing both Larry and Teresa for quite some time. He confirmed that Teresa left the marital home in September 2011 and had not made any effort or expressed any intent of returning to the marriage. Subsequently, the chancery court granted a divorce on the ground of desertion in favor of Larry.
¶ 5. In June 2013, Teresa filed the following: (1) a motion to set aside the judgment of divorce; (2) an answer to the complaint for divorce; and (3) a counterclaim for divorce on the ground of habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. In her motion to set aside the judgment of divorce, Teresa alleged that she was not served properly a summons to appear in court and had no knowledge of the proceedings. A hearing on that motion was set for July 3, 2013.
¶ 6. At the hearing, Teresa testified that she was served with papers and had retained a lawyer, and that her lawyer filed a motion. She stated that she did not hear about the May 2013 trial until she was sent a final divorce decree. Based on Teresa’s admission that she was served properly, the chancery court concluded that she failed to respond timely to the complaint for divorce. Further, the chancery court found that this failure precluded her from asserting the right to receive notice of the trial date. As such, the chancery court denied her motion.
¶ 7. On July 23, 2013, Teresa filed a motion to reconsider. In that motion, she again raised the issue of improper service. The motion was denied. Teresa now appeals.
STANDARD OF REVIEW
¶ 8. “This Court employs a limited standard of review when considering domestic-relations cases.” Jackson v. Jackson, 114 So.3d 768, 773 (¶ 10) (Miss.Ct.App.2013) (citations omitted). “Consequently, an appellate court will not disturb the chancery court’s findings unless such findings are manifestly wrong [or] clearly erroneous, or the court applied the wrong legal standard.” Id. However, questions of law are reviewed de novo. Gordon v. Gordon, 126 So.3d 922, 925 (¶ 9) (Miss.Ct.App.2013) (citations omitted).
DISCUSSION
¶ 9. On appeal, Teresa argues that the chancery court erred in denying her motion to set aside the judgment of divorce *1037 because she was not properly served pursuant to the Mississippi Rules of Civil Procedure. Teresa asserts that Larry failed to serve her notice of the May 2013 hearing as required by Mississippi Rule of Civil Procedure 5. Larry argues that Teresa’s failure to answer or appear after she was properly served with process negated his obligation to send her a notice of the hearing. Teresa, however, contends that Larry failed to declare her in default as required by Mississippi Rule of Civil Procedure 55. Therefore, she maintains that she was still owed notice of the hearing.
¶ 10. This issue is being raised for the first time on appeal. Teresa’s motion to set aside the judgment of divorce and motion to reconsider only challenged service of process pursuant to Mississippi Rule of Civil Procedure 4(c). It is well settled that “[ijssues raised for the first time on appeal are procedurally barred.” McNeese v. McNeese, 119 So.3d 264, 276 (¶ 34) (Miss.2013). Notwithstanding the procedural bar, we find this issue to be without merit.
¶ 11. Rule 5(a), in pertinent part, provides that “every written notice ... shall be served upon each of the parties.” Nonetheless, Rule 5(a) also states that “[n]o service need be made on parties in default for failure to appear[.]” At the hearing regarding Teresa’s motion to set aside the divorce judgment, Teresa testified that she was served properly with process. Although she contends that she had obtained an attorney whom she believed was handling her case, the record does not reflect that any action was taken on her behalf in the thirty days following her receipt of the summons. As such, she was in default for failing to answer or appear. Nonetheless, Teresa argues that she was not properly declared in default pursuant to Rule 55.
¶ 12. Rule 55 governs default judgments, and provides that when a party “has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.” M.R.C.P. 55(a). However, “[i]f the party against whom judgment by default is sought has appeared in the action, he [or his representative] shall be served with written notice of the application for judgment at least three days prior to the hearing of such application[.]” M.R.C.P. 55(b). Teresa contends that Larry should have applied for an entry of default with the chancery clerk or applied for a default judgment in the chancery court. She maintains that his failure to declare her in default meant that she was not in default and his duty to serve her notice remained intact. As such, she argues that the judgment in his favor is void. We disagree.
¶ 13. This rule is “not directly applicable” to divorce proceedings. Stinson v. Stinson, 738 So.2d 1259, 1262 (¶ 12) (Miss.1999). Specifically, the Mississippi Supreme Court has held that a judgment entered in an action for divorce following a defendant’s failure to answer is “a special kind of default judgment.” Id. at 1263 (¶ 13) (quoting Mayoza v. Mayoza, 526 So.2d 547, 548 (Miss.1988)).
A defendant’s failure to answer does not drag a divorce case to a halt. Instead, the plaintiff must, at a hearing, prove the allegations that support the receipt of a divorce. If that is done, then the chancellor has authority to grant the divorce despite the absence of the defendant.
Id. at (¶ 15). This reasoning is supported by Rule 55(e), which provides that “unless the claimant establishes his claim or rights to relief by evidence,” a default judgment will not be entered in a suit for divorce. “Furthermore, a divorce will not be grant *1038 ed on the uncorroborated testimony of the claimant.” Lindsey v. Lindsey, 818 So.2d 1191, 1194 (¶ 13) (Miss.2002).
¶ 14. Since Teresa failed to answer or appear, we find that she was in default and not owed notice of the divorce hearing. Further, after a review of the record, we find that Larry established his claim to a judgment of divorce despite Teresa’s absence. Larry’s testimony, in addition to the corroborating testimony of Parker, clearly established a divorce on the grounds of desertion. As such, we find this issue is without merit. The judgment of the chancery court is affirmed.
¶ 15. THE JUDGMENT OF THE JONES COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.