# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00997-COA

TERRANCE GUINN                                                                 APPELLANT

v.

KISHA CLAIBORNE                                                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/16/2021 |
| TRIAL JUDGE: | HON. E. VINCENT DAVIS |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | TERRANCE GUINN (PRO SE) |
| ATTORNEY FOR APPELLEE: | NO APPEARANCE |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 09/20/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Terrance Guinn appeals from the Claiborne County Chancery Court's judgment denying his amended complaint for divorce from Kisha Claiborne on the grounds of adultery and habitual cruel and inhuman treatment.  Alternatively, Guinn sought a divorce on the ground of irreconcilable differences.  During the pendency of his appeal, Guinn filed a motion to grant or, alternatively, summarily affirm his amended divorce complaint.  He then filed a second motion to suspend the briefing schedule while awaiting a decision on his first motion.  The Mississippi Supreme Court denied Guinn's motion to suspend briefing and passed for consideration with the merits of the appeal his motion to grant or, alternatively,

summarily affirm his amended divorce complaint.

¶2. Upon review, we find no abuse of discretion or manifest error arising from the chancellor's denial of Guinn's amended divorce complaint. We therefore affirm the chancellor's judgment. In so doing, we deny Guinn's motion to grant or, alternatively, summarily affirm his amended divorce complaint.

**FACTS**

¶3. Guinn initially sought a divorce from Claiborne on the ground of irreconcilable differences but failed to obtain Claiborne's signature on the agreement as required by Mississippi Code Annotated section 93-5-2 (Rev. 2021). Guinn then filed an amended complaint for divorce on the grounds of adultery and habitual cruel and inhuman treatment. Alternatively, he sought a divorce based on irreconcilable differences.

¶4. On August 10, 2021, the chancellor held a hearing on Guinn's amended divorce complaint. Claiborne failed to contest the complaint or appear at the hearing. During the hearing, Guinn presented one witness, the parties' minor son. The entirety of Guinn's direct examination of the parties' son proceeded as follows:

Q. Are you related to Kisha Claiborne?

A. Yes.

Q. How are you related to her?

A. My mother.

Q. Okay. Is Ms. Kisha Claiborne in a relationship with Glendale Barns?

A. Yes.

2

Q.     Have you witnessed this?

A.     Yes, I have.

Q.     Could you tell the [c]ourt how you witnessed this?

A.     I think they are living together.

Guinn then rested, and the chancellor asked the parties' son several additional questions. In response to the chancellor's questions, the parties' son testified that (1) he was Guinn and Claiborne's son; (2) he was seventeen years old; (3) he had just moved back to Mississippi from Chicago, Illinois; and (4) Claiborne lived in Chicago.

¶5.     After the chancellor's questions, Guinn confirmed that he did not intend to testify on his own behalf and that he had no other witnesses. The chancellor noted that Guinn's divorce complaint had failed to mention the parties' children. In light of the revelation that the parties had at least one minor child born during their marriage, the chancellor asked Guinn to provide additional information regarding the parties' children. Although Guinn maintained that he did not wish to testify on his own behalf, the chancellor placed Guinn under oath and asked Guinn several questions about the parties' children. Guinn stated that in addition to the parties' minor son, Claiborne had given birth to other children during their marriage. Guinn asserted, however, that none of Claiborne's other children were his biological children.

¶6.     Because Guinn's divorce complaint also failed to address the settlement of any property rights between the parties, the chancellor questioned Guinn about this matter as well. Guinn initially stated that the parties had no marital property. In response to further

questioning, however, Guinn admitted that he had made purchases, including at least one vehicle, since his marriage to Claiborne.

¶7. After explaining that the divorce complaint needed to address the parties' minor children and property rights, the chancellor asked whether Guinn wanted an opportunity to further amend his divorce complaint. Guinn declined and instead requested that the chancellor deny his complaint.

¶8. In denying Guinn's amended divorce complaint, the chancellor concluded the complaint had failed to comply with all filing requirements and Guinn had presented insufficient credible evidence to prove adultery. First, the chancellor determined that each of Guinn's various divorce complaints had failed to comply with the statutory requirement to provide "the number and names of the living minor children born of the marriage." Miss. Code Ann. § 93-5-33 (Rev. 2021). In addition, the chancellor found Guinn had not complied with Uniform Chancery Court Rule 8.03's requirement that "[i]n all uncontested divorce cases, except irreconcilable differences, the testimony of the Plaintiff must be substantially corroborated." The chancellor stated that not only had Guinn failed to testify at the hearing but also that the brief testimony of the parties' minor son "was not corroborated and left important facts unanswered and/or unclear." For example, the chancellor noted that although Guinn's divorce complaint had alleged Claiborne resided in Frankfort, Illinois, where she was served with process, the parties' son had testified that Claiborne actually resided in Chicago.

¶9. Based on his findings, the chancellor concluded that Guinn had failed to satisfy the

evidentiary burden to prove adultery and had failed to comply with the statutory requirements for an irreconcilable-differences divorce.[1]  As a result, the chancellor denied Guinn's amended divorce complaint.  Aggrieved, Guinn appeals.

## STANDARD OF REVIEW

¶10.   "On appeal from the denial of a divorce, our standard of review is limited." *Stephenson v. Stephenson*, 332 So. 3d 360, 362 (¶6) (Miss. Ct. App. 2021).  We review the chancellor's findings for "substantial credible evidence" and decline to disturb those findings "unless the chancellor abused [his] discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard." *Hardin v. Hardin*, 335 So. 3d 1088, 1092 (¶12) (Miss. Ct. App. 2022) (quoting *Gilmer v. Gilmer*, 297 So. 3d 324, 331 (¶13) (Miss. Ct. App. 2020)).  "We review questions of law de novo." *Id.*

## DISCUSSION

¶11.   As an initial matter, we address Claiborne's failure to file a brief in response to Guinn's appellate brief.  When such a circumstance arises, this Court has two options:

> First, we may take the appellee's failure to file a brief as a confession of error and reverse.  This option is favored when the record is complicated or of large volume and the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error.  However, if the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we may disregard the appellee's error and affirm.

*Hatton v. Hatton*, 323 So. 3d 1149, 1153 (¶7) (Miss. Ct. App. 2021) (quoting *Jay Foster*

---

[1] Guinn presented no evidence during the hearing as to cruel and inhuman treatment, and the chancellor's judgment denying Guinn's amended divorce complaint did not address the ground.  On appeal, Guinn alleges no assignment of error regarding this matter.

*PLLC v. McNair*, 175 So. 3d 565, 571 (¶15) (Miss. Ct. App. 2015)). Upon review, we find the record in the present case is easy to examine and reveals a sound basis upon which we may safely affirm the chancellor's judgment. We therefore conclude that Claiborne's failure to file an appellate brief is not dispositive of the issues raised in this appeal.

¶12.    Guinn contends that the chancellor erroneously denied him a divorce on the ground of adultery. "In Mississippi one seeking a divorce on the grounds of adulterous activity must show by clear and convincing evidence both an adulterous inclination and a reasonable opportunity to satisfy that inclination." *Gerty v. Gerty*, 265 So. 3d 121, 131 (¶36) (Miss. 2018) (quoting *Holden v. Frasher-Holden*, 680 So. 2d 795, 798 (Miss. 1996)). Our caselaw provides that even when the opposing party in a divorce proceeding fails to answer, the claimant must still prove by sufficient evidence his entitlement to the requested relief and that "a divorce will not be granted on the uncorroborated testimony of the claimant" alone. *Bolivar v. Bolivar*, 151 So. 3d 1035, 1037-38 (¶13) (Miss. Ct. App. 2014) (quoting *Lindsey v. Lindsey*, 818 So. 2d 1191, 1194 (¶13) (Miss. 2002)). Instead, the claimant's testimony "must be substantially corroborated." *Reed v. Reed*, 839 So. 2d 565, 571 (¶25) (Miss. Ct. App. 2003) (quoting UCCR 8.03).

¶13.    As we have previously explained,

> [t]he corroborative evidence will be sufficient if it proves such substantial facts and circumstances as will serve to engender in a sound and prudently cautious mind a confident conclusion that the testimony of the complainant is true in all essential particulars, and is not the exaggerated product of those wishful mental processes which passion and the consuming present desire for the relief prayed, so often present in this type of case[].

*Id.* (quoting *Anderson v. Anderson*, 190 Miss. 508, 513, 200 So. 726, 728 (1941)).

6

¶14.     Upon review, we find no clear error in the chancellor's determination that Guinn failed to establish his right to a divorce based on adultery. As the chancellor noted, Guinn did not testify at the hearing and only presented one witness. Thus, not only did Guinn fail to provide any corroborative evidence to prove adultery, but as the chancellor stated, the brief testimony of the parties' minor son also "left important facts unanswered and/or unclear." Based on such circumstances, we conclude that no abuse of discretion or manifest error resulted from the chancellor's finding that Guinn presented insufficient evidence to prove adultery. We therefore find that substantial credible evidence supported the chancellor's denial of Guinn's amended divorce complaint on this ground.

¶15.     Guinn also asserts that the chancellor erred by failing to grant a divorce on the alternative ground of irreconcilable differences and by finding fault with Guinn's failure to provide information regarding the parties' minor children. Guinn did not raise these alleged errors before the chancellor, however, and "[i]t is well settled that this Court will not consider arguments raised for the first time on appeal." *Fonville v. Zeid*, 327 So. 3d 658, 670 (¶33) (Miss. Ct. App. 2021). Notwithstanding the procedural bar, we find Guinn's arguments lack merit.

¶16.     "A divorce based on irreconcilable differences has certain statutory requirements that must be met[,]" and "[s]trict compliance with the statute is required." *Tyrone v. Tyrone*, 32 So. 3d 1206, 1214 (¶26) (Miss. Ct. App. 2009) (citations and emphasis omitted). "Section 93-5-2 provides two ways by which parties may obtain a divorce on the grounds of irreconcilable differences." *Brown v. Brown*, 329 So. 3d 544, 556 (¶30) (Miss. Ct. App.

7

2021).  Under subsection (2), "[t]hey may agree to the divorce and sign an agreement that resolves all issues of custody, child support, alimony and property claims[,]" or under subsection (3), "they can agree on the divorce but allow the chancery court to adjudicate the other issues . . . ."  *Id.* (citing Miss. Code Ann. § 93-5-2(2)-(3)).

¶17.    In denying Guinn's amended divorce complaint, the chancellor noted multiple statutory deficiencies related to the filing, including the complaint's failure to address either the custody and maintenance of the parties' minor children or the settlement of any property rights between the parties.  Based on Guinn's failure to comply with all the statutory requirements necessary to obtain an irreconcilable-differences divorce, we find Guinn's assignments of error regarding this matter lack merit.

## CONCLUSION

¶18.    Because we find no abuse of discretion or manifest error, we affirm the chancellor's judgment denying Guinn's amended complaint for divorce.  We also deny Guinn's motion to grant or, alternatively, summarily affirm his amended divorce complaint.

¶19.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**

8