CARLTON, J.,
for the Court.
FACTS
¶ 1. Frankie Wade, Jr. and Katina Wade were married in 1996 and separated in August 2005. One child, Kameshia, was born into the marriage on February 14, 1997. On November 15, 2005, Frankie filed a complaint in the Chancery Court of Forrest County seeking a divorce from Katina. A copy of the complaint and a summons were personally served upon Katina on the same day; however, no appearance or response was made within thirty days by either Katina or an attorney acting on her behalf. Consequently, Frankie obtained a final judgment of divorce on the ground of cruel and inhuman treatment on January 10, 2006. Under the terms of the divorce, the court awarded joint legal custody of Kameshia and primary physical custody to Frankie. Katina was ordered to pay $200 per month in child support, provide health insurance for Kameshia and maintain a life insurance policy upon herself in the amount of $100,000 with Kames-hia named as beneficiary. Katina was also ordered to pay for the college and education expenses of Kameshia in the event they became necessary. The court held the issue of division of marital property in abeyance pending Frankie’s filing of an updated financial declaration.
¶ 2. On January 20, 2006, Katina, upon receiving a copy of the judgment of divorce, filed a motion to set aside the judgment and for a new trial, pursuant to Mississippi Rule of Civil Procedure 59. On April 28, 2006, the court entered an order granting Katina’s motion in part, finding that the prior judgment granting divorce would not be set aside, but the issue of custody would be “revisited” based on the Albright factors during the hearing on the division of marital assets. A hearing was held on June 27, 2006, after which the court entered an order granting physical custody of Kameshia to Katina and divided the marital property.
STANDARD OF REVIEW
¶ 3. We review domestic relations matters under the substantial evidence/manifest error rule. See R.K. v. J.K., 946 So.2d 764, 772(¶ 17) (Miss.2007) (citing Mizell v. Mizell, 708 So.2d 55, 59(¶ 12) (Miss.1998)). The chancellor’s findings will not be disturbed by this Court “unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Id.
DISCUSSION
¶ 4. As a preliminary matter, we address the fact that Katina did not file an appellate brief with this Court. Ordinarily the appellee’s failure to file a brief with this Court “is tantamount to confession” of the assignments of error asserted in the appellant’s brief. Muhammad v. Muhammad, 622 So.2d 1239, 1242 (Miss.1993) (citations omitted). However, reversal is not automatic nor required. Where issues of child custody are involved, we are “compelled to review the record,” notwithstanding the appellee’s failure to file a brief. Mosley v. Atterberry, 819 So.2d 1268, *684 1272(¶ 17) (Miss.2002) (citing Muhammad, 622 So.2d at 1242).

1. Child Custody

¶ 5. Frankie argues that the chancellor erred in reopening the issue of child custody in order to apply the Albright[1] factors. He contends that, in granting Katina’s Rule 59 motion, the chancellor failed to make a finding that it was amending the judgment due to a mistake in law or fact, or that injustice would result if the judgment were allowed to stand. Mayoza v. Mayoza, 526 So.2d 547, 550 (Miss.1988).
¶ 6. Mississippi divorce actions are primarily controlled by the provisions of section 93 chapter 5 of the Mississippi Code. Crowe v. Crowe, 641 So.2d 1100, 1103-04 (Miss.1994). The Mississippi Rules of Civil Procedure govern to the extent that the divorce statutes are silent or not inconsistent. M.R.C.P. 81(a)(9); see also Rawson v. Buta, 609 So.2d 426, 430 (Miss.1992). To this end, an uncontested divorce must be heard in open court and the plaintiff is required to establish his claim(s) with evidence despite the defendant’s failure to participate in the action. Miss.Code Ann. § 93-5-2(1); M.R.C.P. 55(e); see Mayoza, 526 So.2d at 548. The procedure for setting aside or reconsideration of an uncontested divorce is not provided for in our divorce statutes. Therefore, Katina’s motion is governed by the Mississippi Rule of Civil Procedure 59, as it was filed within ten days of the entry of judgment. Mayoza, 526 So.2d at 548-49 (defaulting party’s motion for relief from uneontested divorce may be treated as a Rule 59 motion for reconsideration if filed within ten days, or as a Rule 60(b) motion for relief from judgment); Stinson v. Stinson, 738 So.2d 1259, 1263(¶ 13) (Miss.App.1999).
¶ 7. We review the grant of a Rule 59 motion under an abuse of discretion standard of review. Brooks v. Roberts, 882 So.2d 229, 233(¶ 15) (Miss.2004). Under Rule 59, a court is authorized to reopen a judgment, take additional testimony, make new findings of fact and conclusions, and enter a new judgment as to all or part of a verdict as justice requires. M.R.C.P. 59 cmt.
¶ 8. We find the chancellor acted within his discretion in granting Katina’s Rule 59 motion. It passes without citation that, in child custody cases, the paramount consideration is the best interest of the child. The chancellor’s rationale for granting Katina’s motion is clear from the order wherein he stated that the motion was “granted in part because of equitable considerations” and that the court would revisit the issue of custody for a determination based on the Albright factors—an exercise not undertaken in the original grant of custody. Certainly, a more prudent determination of custody may be made when based upon evidence presented from both parents rather than evidence presented by only one. Where a chancellor has the opportunity to consider the argument of both parents, the facts and circumstances affecting his determination are presumably more fully developed. It follows that a chancellor is able to make a more informed decision, thereby ensuring to a higher degree of certainty that the best interest of the child is met.
¶ 9. Moreover, in the original judgment of divorce the chancellor made no findings of fact or conclusions of law under the Albright factors, nor did he allude to them in any way. Our supreme court holds that the failure of a chancellor to make findings of fact as to the applicable Albright factors is reversible error. J.P.M. v. T.D.M., 932 *685 So.2d 760, 770(¶ 27) (Miss.2006) (citing Powell v. Ayars, 792 So.2d 240, 244(¶ 33) (Miss.2001)). It is clear from the record that the chancellor realized his mistake and sought to cure it in granting Katina’s motion. In the second hearing on child custody, the chancellor heard additional testimony and made “new” findings of fact as to each applicable Albright factor. In so doing, he satisfied the requirement that on-the-record findings of fact are to be made as to each applicable Albright factor.
¶ 10. Though not expressly stated in the chancellor’s order, it is clear from the record that the chancellor granted Katina’s motion and amended the judgment based on a mistake in law, i.e., that the original child custody determination was made without a consideration of the applicable Albright factors. Additionally, we find that the interest of justice permitted the chancellor, in his discretion, to grant the motion and hear additional testimony to ensure that the best interest of the child was met. We find no abuse of discretion. This issue is without merit.

2. Division of Property Held in Abeyance

¶ 11. Frankie argues that the chancellor erred when he held in abeyance a decision on the division of marital property pending the filing of an updated financial declaration. Frankie cites no authority to support this contention, nor did he object at trial to the chancellor’s decision to hold the issue of property division in abeyance. “Failure to cite any authority in support of an assignment of error precludes this Court from considering the issue on appeal.” Lauro v. Lauro, 847 So.2d 843, 851(¶ 21) (Miss.2003). We, therefore, decline to address this issue on appeal.
¶ 12. THE JUDGMENT OF THE FORREST COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).