# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00622-COA

IN THE INTEREST OF V.M.H., V.M.H., V.M.H.,
AND V.M.H.:

**VONRIO HAWKINS**                                                      **APPELLANT**

**v.**

**THE YOUTH COURT OF DESOTO COUNTY,**                        **APPELLEE**
**MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/29/2016 |
| TRIAL JUDGE: | HON. CELESTE EMBREY WILSON |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY YOUTH COURT |
| ATTORNEYS FOR APPELLANT: | JERRY WESLEY HISAW |
| | BENJAMIN DAVID MURPHY |
| ATTORNEY FOR APPELLEE: | ELIZABETH PAIGE WILLIAMS |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| TRIAL COURT DISPOSITION: | PLACED CHILDREN IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES |
| DISPOSITION: | AFFIRMED: 07/18/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Vonrio Hawkins appeals a decision of the DeSoto County Youth Court adjudicating

his four children abused and placing them in the custody of the Mississippi Department of

Human Services.  Hawkins contends that, because the DeSoto County Chancery Court had

previously entered an order granting him custody of the children, the chancery court had

exclusive continuing jurisdiction over custody of the children.  Hawkins also argues that the

youth court lacked substantial evidence to find that the children were abused rather than simply disciplined. We find no merit to either contention and affirm.

## DISCUSSION

### 1. Jurisdiction

¶2. Hawkins's challenge to the youth court's jurisdiction is made for the first time on appeal, though the chancery court order giving him custody does appear in the record. It notes that the mother of Hawkins's four children had three other children and did not have the means to support such a large family; she had surrendered Hawkins's children to him voluntarily. The chancery court order granted Hawkins custody of the children and provided for visitation by the mother. It was filed in June 2012. The youth court proceedings stemmed from a complaint that the children had reported abuse to their mother during visitation in December 2015. At the time of the hearing, the children were nine, eleven, twelve, and fourteen.

¶3. Hawkins contends that the youth court judgment is void because that court lacked jurisdiction over the subject matter – the custody of the children – and that this issue may be raised for the first time on appeal. *See* M.R.C.P. 12(h)(3).

¶4. We agree that Hawkins is contesting subject matter jurisdiction and that the issue can be raised for the first time on appeal, but we find it to be without merit. The boundary between the jurisdiction of chancery courts and youth courts under our law has been somewhat unclear at times, and indeed may still be under certain circumstances; but for the

specific facts of this case, we see no difficulty finding jurisdiction in the youth court.

Mississippi Code Annotated section 43-21-151(1)(c) (Rev. 2015) provides in relevant part:

> The youth court shall have exclusive original jurisdiction in all proceedings concerning . . . an abused child . . . except in the following circumstances:
>
> . . . .
>
> When a charge of abuse of a child first arises in the course of a custody action between the parents of the child already pending in the chancery court and no notice of such abuse was provided prior to such chancery proceedings, the chancery court may proceed with the investigation, hearing and determination of such abuse charge as a part of its hearing and determination of the custody issue as between the parents, notwithstanding the other provisions of the Youth Court Law.

Setting aside the question of whether the abuse allegations here arose "in the course of a custody action between parents of the child already pending in chancery court," the statute provides that the chancery court *may* proceed on abuse allegations. Thus, under the statutory scheme the chancery court's jurisdiction over that category of abuse claims arising after its assumption of jurisdiction over custody is not exclusive, but is conditioned on the chancery court's election to assume jurisdiction – and that did not occur here.

¶5.     Hawkins responds by citing the repeated pronouncement by our courts that a chancery court, after deciding custody, has continuing and exclusive jurisdiction over custody. *See, e.g., Ladner v. Ladner*, 206 So. 2d 620, 624-25 (Miss. 1968) (abrogated in part). While this is certainly true when the issue is a simple modification of the original court's custody decree, or a similar issue between the same parties, the continuing jurisdiction has not been held to be exclusive when it comes to related but distinct actions such as habeas corpus and

3

abuse allegations in the youth court.  *See Wade v. Lee*, 471 So. 2d 1213, 1215-17 (Miss. 1985) (county court had jurisdiction to enter temporary habeas corpus orders even between the same parties to the original custody decree); *In re D.L.D.*, 606 So. 2d 1125, 1127-30 (Miss. 1992) (youth court had jurisdiction over custody of child based on finding of abuse, even after the chancery court entered a temporary custody order).

¶6.　　The current subsection 43-21-151(1)(c) was adopted after *In re D.L.D.* and has been noted to have been a response to that decision by the Legislature.  *See In re D.K.L.*, 652 So. 2d 184, 189-90 (Miss. 1995).  But, as we said, the statute allows the chancery court the *option* of resolving the abuse allegations under certain circumstances.  This reading of the statute was confirmed in the more recent case of *McDonald v. McDonald*, 39 So. 3d 868, 886-87 (¶¶61-62) (Miss. 2010), where the supreme court explained that both the chancery court and the youth court had jurisdiction over abuse allegations that arose after an adjudication of custody in chancery court.  There, the chancery court actually exercised its option to assume jurisdiction and adjudicated the abuse allegations, and that decision was affirmed.  *Id.*  But, in the instant case, the chancery court never asserted jurisdiction, and it was the youth court that adjudicated the abuse allegations.  It had jurisdiction to do so from the statute.  *See id.*

¶7.　　We conclude that the youth court's judgment is not void for want of jurisdiction. This issue is without merit.

　　**2.　　Sufficiency of the Evidence**

¶8.     Hawkins's remaining issue – though not exactly styled this way – is essentially a challenge to the sufficiency of the evidence supporting the youth court's determination that his four children were abused.

¶9.     In relevant part, the statute defines an abused child as one "whose parent . . . has caused or allowed to be caused, upon the child, . . . emotional abuse, mental injury, nonaccidental physical injury or other maltreatment."  Miss. Code Ann. § 43-21-105(m) (Supp. 2016).  But "physical discipline, including spanking, performed on a child by a parent, guardian or custodian in a reasonable manner shall not be deemed abuse under this section." *Id.*  Mississippi Code Annotated section 43-21-561(3) (Supp. 2016) requires proof of abuse only by a preponderance of the evidence.

¶10.    The youth court judge is the finder of fact and the judge of the credibility of the witnesses. *See In re D.O.*, 798 So. 2d 417, 421 (¶13) (Miss. 2001).  Our review of the youth court's decision is limited to the familiar substantial evidence / manifest error standard. *Id.* On appeal, this Court must consider all of the evidence in the light most favorable to the State. *Id.*

¶11.    Three of the four children testified at the hearing, and each described similar actions by Hawkins toward them or their siblings: they were slapped in the head with an open hand, punched in the head, face, or chest with a closed fist, choked, struck with a broom, "body slammed" onto a concrete floor, and kicked in the chest or stomach.  Hawkins contends that the testimony of the children was not credible; that it was contradicted by his witnesses, who

5

were in a position to have seen some of the abuse alleged by the children but testified that they did not; that the children's claims were uncorroborated by solid proof of injuries; and that the evidence showed only that he used corporal punishment. These arguments are, for the most part, just an attempt to relitigate factual disputes resolved by the youth court. This court is not in a position to reevaluate the credibility of witnesses; we can only decide whether any reasonable trier of fact could have found them credible – and we must answer that question in the affirmative. The children were generally consistent in their testimony, and their account was not improbable on its face or contradicted by overwhelming evidence.

¶12. Likewise, while we agree with Hawkins that corporal punishment does not constitute abuse under Mississippi law, the statute requires that physical discipline be performed in a reasonable manner. *See* § 43-21-105(m). The Mississippi Supreme Court has elaborated:

> The Mississippi Youth Court Act was not intended to and does not prohibit the use of corporal punishment in disciplining a child. Injury is labeled abusive only when it constitutes maltreatment.
>
>> A parent, being charged with the training and education of his child, has a right to adopt such disciplinary measures for the child as will enable him to discharge his parental duty. Accordingly, he has a right to correct the child by reasonable and timely punishment, including corporal punishment. A parent has a wide discretion in the performance of such functions. The control and proper discipline of a child by the parent may justify acts which would otherwise constitute assault and battery, but the right of parental discipline clearly has its limits. . . . The rule recognized by a majority of the courts is that a parent may, without criminal liability, inflict such punishment as is reasonable under the facts and the circumstances.

59 Am. Jur. 2d *Parent and Child* § 22, 152-53 (1987). "The test of

6

unreasonableness is met at that point where the parent ceases to act in good faith and with parental affection, and acts immoderately, cruelly or mercilessly, with a malicious desire to inflict pain rather than a genuine effort to correct the child by proper means." *State v. Hunt*, 406 P.2d 208, 222 (Ariz. Ct. App. 1965).

*In re A.R.*, 579 So. 2d 1269, 1270-71 (Miss. 1991) (footnote omitted).

¶13.    The youth court judge directly addressed the reasonableness of Hawkins's alleged discipline methods, and it held that they were unreasonable.  In response, Hawkins cites *Tucker v. Tucker*, 453 So. 2d 1294, 1297 (Miss. 1984), for the proposition that, by itself, a single unwarranted striking of a child would not amount to a material change of circumstances.  But the language he cites is dicta, and it was directed toward a different issue – the requirement of a material change in circumstances to support a custody modification in chancery court.  Moreover, Hawkins's striking of the children was alleged to be frequent and persistent over a long period of time, not an isolated incident as contemplated in *Tucker*.  Hawkins also cites *In re A.R.* for the proposition that bruising is insufficient injury to sustain a finding of abuse.  But that case involved bruising of the buttocks from spanking – a far cry from the outrageous conduct found to have occurred here, which included punching, "body slamming," and kicking.  Furthermore, Hawkins's emphasis on injury is misplaced.  The statute, section 43-21-105(m), provides that both nonaccidental physical injury and "other maltreatment" may constitute abuse.  Physical discipline is excepted from the definition of abuse only when it is *performed* in a reasonable manner.  *See id.*  "Discipline" of the sort at issue here presents an unreasonable danger to the child and constitutes maltreatment whether

7

or not it results in injury more severe than bruising.

¶14. Finally, the youth court also adjudicated the children to be neglected as well as abused. Hawkins contends that this was error, but he has not provided any additional argument or authority. Thus, no error has been shown, and we affirm the youth court on that point.

¶15. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**