# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01448-COA

**TERRIE LYNN SINGLETON**                                  **APPELLANT**

**v.**

**ORLANDO R. BUFORD**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/03/2017 |
| TRIAL JUDGE: | HON. M. RONALD DOLEAC |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WENDY WALKER BORRIES |
| ATTORNEYS FOR APPELLEE: | MARCUS ALAN McLELLAND |
| | GLENN LOUIS WHITE |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 06/18/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**J. WILSON, P.J., FOR THE COURT:**

¶1. Terrie Singleton and her attorney failed to appear at the hearing to determine custody of Singleton's three-year-old son, Marion. As a result, only Marion's father, Orlando Buford, and Buford's wife (Marion's stepmother) testified at the hearing. At the end of the hearing, the court awarded physical custody and sole legal custody of Marion to Buford.

¶2. Singleton and her attorney failed to appear at the hearing because her attorney calendared the wrong court date and then gave Singleton the wrong date as well. At some point on the day of the hearing, an employee of the attorney realized the mistake. Counsel then sought a continuance, but it was too late. The hearing was over, and the chancellor had

ruled from the bench. Singleton filed a motion for reconsideration even before entry of the judgment awarding custody, and seven days after the judgment was entered she filed a motion for a new trial or reconsideration. However, the chancery court denied Singleton's requests for relief.

¶3. We conclude that the denial of Singleton's motion for a new trial or reconsideration was an abuse of discretion. The interest in finality is not nearly as strong a consideration when, as in this case, relief is sought within the ten-day time limit of Mississippi Rule of Civil Procedure 59. On the other side of the balance, the paramount concern in a child custody case is the best interest of the child, and the chancellor will be better equipped to assess the child's best interest if he receives evidence from both parents rather than just one. On the facts of this case, we conclude that there was no sound reason for the chancery court not to allow Singleton to present evidence. Therefore, the denial of her motion was an abuse of discretion, and we reverse and remand for a new trial on the issue of custody and related issues of support and visitation.

## FACTS AND PROCEDURAL HISTORY

¶4. Singleton and Buford were never married but have a son, Marion, who was born in 2014. A few months after Marion was born, Buford signed an acknowledgment of paternity and agreed to pay child support to the Department of Human Services (DHS). Marion continued to live with Singleton, although there was no judicial determination of custody or visitation.

¶5. In March 2016, Singleton accepted a new job in Seattle and decided to allow Marion

2

to live with Buford and his wife, Colandra, for at least some period of time after she moved. Buford worked in Texas for up to thirty days at a time, so Singleton and Buford both signed a durable power of attorney that gave Colandra authority to make healthcare decisions for Marion in their absence.

¶6. Singleton later decided not stay in Seattle and returned to Mississippi. Marion continued to live primarily with Buford and Colandra, but according to Buford, Singleton exercised "visitation" with Marion "[j]ust about every weekend." This arrangement apparently continued until February 2017. Buford testified that in February 2017 Singleton refused to return Marion following her weekend "visitation." Buford speculated that Singleton kept Marion because she had learned that Buford had inquired with DHS about terminating his child support payments.

¶7. In May 2017, Buford filed a complaint for custody and child support. Buford sought physical custody, sole legal custody, child support, and other relief. He asked the court to grant Singleton only "specific and/or restricted visitation rights." On June 14, 2017, Singleton was served with the complaint, a Rule 4 summons, and a Rule 81 summons to appear at a hearing on June 21, 2017. Singleton promptly retained an attorney, who entered an appearance and moved for a continuance on June 20, 2017. The chancery court granted a continuance and entered an agreed order resetting the Rule 81 return date for July 20, 2017. The order stated "that the parties agree[d] to waive the necessity of any further Rule 81 process." On July 13, 2017, Singleton answered the complaint and asserted a counterclaim for custody and other relief. Singleton's counterclaim alleged that Marion had lived with her

3

"since birth except for a few months when [Buford] kidnaped [him], moved to Hattiesburg, and refused to answer [Singleton's] calls or tell [her] where her child was."

¶8.    Singleton and her attorney failed to appear at the hearing in chancery court on July 20, 2017. Buford and Colandra testified briefly. The chancellor then observed that "this is an initial custody determination" because previously there had been only an acknowledgment of paternity and support order. Therefore, the chancellor stated that he was "obligated to receive testimony under the *Albright* factors notwithstanding that Ms. Singleton and her counsel [were] not present." The chancellor then questioned Buford briefly regarding each of the *Albright*[1] factors, including eliciting Buford's opinions regarding Singleton's parenting skills, her emotional ties to the child, her moral fitness, her employment, etc. The chancellor made findings on each factor as he questioned Buford. The chancellor then ruled as follows:

> Given the circumstance, whatever it is, of [Singleton's] nonappearance as well as her attorney's nonappearance, then the Court finds that the *Albright* analysis when considered per Mr. Buford's testimony and the corroborating testimony of Mrs. Buford, that the *Albright* factors favor the best interest of the child being favorable to Mr. Buford as the biological father of Marion. The Court is going to grant the . . . relief requested and award sole legal and physical custody of the child to his father, Mr. Buford.

The chancellor also ordered Singleton to pay child support and declined to award any visitation to Singleton "at [that] time." The chancellor explained that Singleton would need to file a new petition for visitation if she desired it.[2] The chancellor also struck Singleton's answer and counterclaim due to her failure to appear.

---

[1] *Albright v. Albright*, 437 So. 2d 1003 (Miss. 1983).

[2] It appears that the parties subsequently agreed to "standard visitation."

4

¶9. In a subsequent affidavit, Singleton stated that she failed to appear at the hearing because her lawyer's office told her the wrong court date. An employee of Singleton's attorney stated in an affidavit that she had mistakenly calendared the hearing for August 20, that she told Singleton the wrong court date, and that she did not realize her mistake until the day of the hearing. By that point, Singleton's attorney was in court in another county. When counsel became aware of her office's mistake, she filed a motion for a continuance. She also went to the courthouse and tried to notify Singleton, but the hearing was already over.

¶10. Later the same day, Singleton also filed a motion for a "new temporary hearing" or "reconsideration." The judgment memorializing the chancellor's bench ruling had not been entered yet, and counsel apparently believed that the hearing and the chancellor's bench ruling had addressed only temporary custody. Singleton's motion explained her attorney's error and why Singleton had not appeared.

¶11. On August 3, 2017, the chancery court entered a final judgment awarding Buford permanent physical custody and sole legal custody. The judgment also reflected the findings and other rulings announced from the bench at the July 20 hearing.

¶12. On August 10, 2017, Singleton filed a combined "Motion for New Trial/ Reconsideration" and "Motion to Set Aside the Default Judgment."[3] Singleton's motion

---

[3] To be clear, the chancery court did *not* enter a "default judgment." Pursuant to Rule 81(d)(3), child custody actions "shall not be taken as confessed." M.R.C.P. 81(d)(3). Therefore, a default judgment may not be entered. *See Brown v. Tate*, 95 So. 3d 745, 749 (¶11) (Miss. Ct. App. 2012) ("In *Saddler v. Saddler*, 556 So. 2d 344, 345 (Miss. 1990), the Mississippi Supreme Court noted that in Rule 81 cases a default judgment is improper . . . ."); Deborah H. Bell, *Mississippi Family Law*, § 19.11[4], at 630 (2d ed. 2011) ("No default judgment is available in Rule 81(d) matters; the petition 'shall not be taken as confessed.'"). Rather, "a hearing is required under Rule 81(d)(3)." *Curry v. Frazier*, 119

reiterated that she and her attorney failed to appear at the custody hearing only because of a calendaring mistake, and she asked the court to set aside the judgment and grant a new trial. Singleton also argued that only a "temporary hearing" had been set for July 20 and that the court should not have awarded permanent custody. Finally, Singleton argued that the judgment amounted to a de facto award of custody to a stepparent (Colandra) given that Buford worked out of state for weeks at a time. Singleton argued that such an award was improper given that she (Singleton) was the child's mother and fit to care for her own child.

¶13. On September 20, 2017, following a hearing,[4] the chancery court entered an order denying Singleton's motion. The court began its analysis by stating:

> The Court finds compelling the holding in *Stringfellow v. Stringfellow*, 451 So. 2d 219 (Miss. 1984), as to a motion for relief from a judgment being addressed to the sound discretion of the trial court; requiring balancing considerations between granting a litigant a hearing on the merits with the need to achieve finality in litigation; and holding that incompetence or ignorance on the part of a party's attorney does not give rise to relief from a judgment under [Rule] 60(b)(2) [of the Mississippi Rules of Civil Procedure].

The court then cited additional cases holding that an attorney's carelessness is not a ground for relief under Rule 60. The court concluded that Singleton "ha[d] not shown exceptional circumstances entitling her to . . . extraordinary relief" under Rule 60. Singleton filed a timely notice of appeal from the court's decision and the final judgment.

**ANALYSIS**

So. 3d 362, 366 (¶12) (Miss. Ct. App. 2013) (child support case). In this case, the chancery court properly held a hearing on the merits and entered a judgment on the merits, not a "default judgment."

[4] The court heard the arguments of counsel at the hearing, but no evidence was taken.

6

¶14. Although Singleton raises multiple issues, we limit our discussion to one issue that is dispositive: whether the chancery court abused its discretion by denying Singleton's motion for a new trial or reconsideration.[5] We conclude that the ruling was an abuse of discretion and therefore reverse and remand for a new trial.

¶15. As a matter of law, Singleton's motion should be evaluated under Rule 59 of the Mississippi Rules of Civil Procedure, although Singleton erroneously relies on Rule 60. The Mississippi Supreme Court has held that "where a motion calls into question the correctness of all or any part of a judgment, . . . and where the motion is filed within the time allowed by Rule 59, we will presume that the motion has been filed under Rule 59 *without regard to how it may be styled*." *Bruce v. Bruce*, 587 So. 2d 898, 904 (Miss. 1991) (emphasis added). Singleton's motion for a new trial or reconsideration was filed only seven days after judgment was entered, well within the ten days allowed by Rule 59. *See* M.R.C.P. 59(b), (e) (providing that a motion for a new trial or a motion to alter or amend the judgment "shall be filed not later than ten days after the entry of judgment"). In addition, Singleton's motion clearly called into question the correctness of the chancery court's judgment. Therefore, Singleton's motion is governed by Rule 59. *See, e.g.*, *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236 (¶7) (Miss. Ct. App. 2013) ("A motion to reconsider filed within ten days of the entry of the judgment falls under Rule 59 . . . .").

¶16. This point is important because "the movant under Rule 59 bears a burden

---

[5] Singleton also argues that the chancery court lacked authority to decide permanent custody on the Rule 81 return date and that the court erred by awarding sole legal custody and physical custody to Buford because he works out of state for weeks at a time.

considerably lesser than a movant under Rule 60(b)." *Bruce*, 587 So. 2d at 904. "When hearing a motion under Rule 59(e) a trial court proceeds de novo, if not ab initio." *Id.* A later-filed motion under Rule 60(b) will be granted only in "extraordinary circumstances" because "any equities that the movant may assert" must be balanced against "finality considerations," which increase with the passage of time. *Id.* at 903-04. "Finality of judgments as a policy reason for denial is not nearly so strong when the motion is under Rule 59(e) as when Rule 60(b) is invoked. Put otherwise, the trial court has considerably broader discretionary authority under Rule 59(e) to grant relief than it does under Rule 60(b)." *Id.* at 904. A trial court may grant a motion under Rule 59(e) "to prevent manifest injustice." *Rankin v. Am. Gen. Fin. Inc.*, 912 So. 2d 725, 727 (¶8) (Miss. 2005).

¶17.    In addition, Singleton's timely request for a "new trial" clearly fell under Rule 59. *See* M.R.C.P. 59(a)-(d). "Given the important corrective role of new-trial motions, the discretion granted to the court is exceedingly broad." *Barriffe v. Estate of Nelson*, 153 So. 3d 613, 618 (¶22) (Miss. 2014) (alteration omitted) (quoting Jack H. Friedenthal, et al., *Civil Procedure* 592 (4th ed. 2005)). A new trial may be granted "in a number of circumstances" and "whenever justice requires." *White v. Yellow Freight Sys. Inc.*, 905 So. 2d 506, 510 (Miss. 2004); *see also* M.R.C.P. 59(a) ("A new trial may be granted . . . in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Mississippi."). For example, in *Barriffe*, "the chancellor believed that a new trial was needed because he had sporadically enforced arbitrary time limitations throughout the trial," and he thought that "a new trial and a 'new day' would help him reach

the correct result in [the] case." *Bariffe*, 153 So. 3d at 618 (¶23). The Supreme Court stated that chancellor's ruling was "a close call" because the record did not show "that the chancellor was unfair to either side with respect to time limitations" in the first trial; however, the Supreme Court still held that the chancellor had not "exceeded his broad authority by granting a new trial." *Id.* at (¶24).

¶18. On the facts of this case, we cannot avoid the conclusion that the chancery court abused its discretion by denying Singleton's motion for reconsideration or a new trial.[6] A child custody case involves more than just the competing interests of ordinary civil litigants. As this Court has explained,

> It passes without citation that, in child custody cases, the paramount consideration is the best interest of the child. . . . Certainly, a more prudent determination of custody may be made when based upon evidence presented from both parents rather than evidence presented by only one. Where a chancellor has the opportunity to consider the argument of both parents, the facts and circumstances affecting his determination are presumably more fully developed. It follows that a chancellor is able to make a more informed decision, thereby ensuring to a higher degree of certainty that the best interest of the child is met.

*Wade v. Wade*, 967 So. 2d 682, 684 (¶8) (Miss. Ct. App. 2007).

¶19. *Wade*'s discussion of this issue is sound, and it applies directly to the facts of this case. There was no persuasive reason not to allow Singleton to present evidence and provide the court with additional information relevant to the custody determination. Allowing her to present evidence would have allowed the chancellor "to make a more informed decision,

---

[6] Although "the movant . . . bears a considerably lesser burden" under Rule 59 than under Rule 60, *Bruce*, 587 So. 2d at 904, we still review the trial judge's ruling only for an abuse of discretion, *e.g.*, *Barriffe*, 153 So. 3d at 618 (¶22); *Rankin*, 912 So. 2d at 727 (¶8).

9

thereby ensuring a higher degree of certainty that the best interest of the child is met." *Id.*

And on the other side of the balance, the need for "[f]inality of judgments as a policy reason

for denial is not nearly so strong" when a motion is filed within ten days of the judgment.

*Bruce*, 587 So. 2d at 904. On these facts, we hold that the chancery court abused its

discretion by relying on the "need to achieve finality in litigation"[7] and by denying

Singleton's motion.

¶20. We emphasize that a legal determination that a trial judge committed an abuse of

discretion "does not 'imply bad faith or an intentional wrong on the part of the trial judge.'"

*Sanford v. Dudley*, 196 So. 3d 1106, 1112 (¶19) (Miss. Ct. App. 2016) (brackets omitted)

(quoting *White v. State*, 742 So. 2d 1126, 1136 (¶42) (Miss. 1999)). Rather, "an abuse of

discretion is viewed as a strict legal term." *Id.* (quoting *White*, 742 So. 2d at 1136 (¶42)).

As our Supreme Court has explained,

> [J]udicial discretion is not boundless but is defined as a sound judgment which
> is not exercised arbitrarily, but with regard to what is right and equitable in
> circumstances and law, and which is directed by the reasoning conscience of
> the trial judge to just result. An abuse of discretion means clearly against logic
> and effect of such facts as are presented in support of the application or against
> the reasonable and probable deductions to be drawn from the facts disclosed
> upon the hearing.

---

[7] As noted above, the chancery court relied on *Stringfellow v. Stringfellow*, 451 So. 2d 219 (Miss. 1984), for this proposition. *Stringfellow* was a Rule 60(b) case involving issues of alimony and property division, and its facts bear little resemblance to the instant case. In *Stringfellow*, the chancery court held a hearing on alimony and property division, both sides presented evidence, and the court entered a final judgment. *Id.* at 220. The ex-wife later filed a Rule 60(b) motion in which she alleged that her ex-husband committed a fraud on the court, but the Supreme Court found no evidence of that. *Id.* at 222. The ex-wife also alleged that her lawyer failed to conduct adequate discovery, but the Supreme Court held that, without more, attorney incompetence "does not give rise to Rule 60(b)(2) relief." *Id.*

*Douglas v. Burley*, 134 So. 3d 692, 697 (¶13) (Miss. 2012) (citations and quotation marks omitted). On the facts of this child custody case, there simply was no "sound" reason for denying Singleton's motion. As a result, the denial was arbitrary and an abuse of discretion.

**CONCLUSION**

¶21. The chancery court committed an abuse of discretion by denying Singleton's motion for a new trial or reconsideration. Therefore, we reverse and remand for a new trial on the issue of Marion's custody and related issues of support and visitation.[8]

¶22. **REVERSED AND REMANDED.**

**WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., AND GREENLEE, J.**

**CARLTON, P.J., DISSENTING:**

¶23. I disagree with the majority's determination that the chancellor abused his discretion by denying Singleton's motion for reconsideration or a new trial.

¶24. The record reflects that the chancellor held a hearing on Singleton's motion for a new trial, to reconsider, and to set aside the default judgment. The chancellor entered an order denying Singleton's motion on September 20, 2017. In his order, the chancellor cited *Stringfellow v. Stringfellow*, 451 So. 2d 219, 222 (Miss. 1984), and stated as follows:

> The [c]ourt finds compelling the holding in *Stringfellow* . . . as to a motion for relief from a judgment being addressed to the sound discretion of the trial court; requiring balancing considerations between granting a litigant a hearing

---

[8] Buford filed a motion in this Court for an award of appellate attorney's fees. However, the chancery court did not award fees to Buford, and Buford does not identify any legal basis for such an award on appeal. In any event, because Singleton has prevailed on appeal, Buford's motion is denied.

on the merits with the need to achieve finality in litigation; and holding that incompetence or ignorance on the part of a party's attorney does not give rise to relief from a judgment under [Mississippi Rule of Civil Procedure] 60(b)(2).

¶25. The chancellor also found that Singleton's counsel "received a notice of hearing on June 20, 2017 for the hearing on July 20, 2017 from the Court Administrator via MEC filing and the Clerk's docket entries." As a result, the chancellor held that "[Singleton] has not met the burden of proof necessary as required by law to obtain relief from the Final Judgment under [Rule] 60 . . . [and] has not shown exceptional circumstances entitling her to such extraordinary relief."

¶26. On appeal, Singleton asserts that she "was completely denied the opportunity to present her case through no fault of her own" and explains that her attorney unfortunately gave her the wrong date for her temporary hearing because it was mistakenly docketed on her attorney's calendar in August instead of July. Singleton argues that this certainly qualifies as an "extraordinary and compelling circumstance," therefore entitling her to relief.

¶27. This Court has held that "[a]n appeal from a denial of a [Mississippi] Rule [of Civil Procedure] 59 motion may address the merits of the entire underlying proceeding, and review of a trial judge's denial of a Rule 59 motion is limited to abuse of discretion." *Aaron v. Aaron*, 147 So. 3d 370, 372-73 (¶7) (Miss. Ct. App. 2014) (quotation omitted); *McDuff v. McDuff*, 221 So. 3d 359, 362 (¶9) (Miss. Ct. App. 2016). The supreme court has explained that "in order to succeed on a Rule 59(e) motion, the movant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice." *Brooks v. Roberts*, 882

So. 2d 229, 233 (¶15) (Miss. 2004).

¶28. In *Brooks*, 882 So. 2d at 231 (¶¶5-6), the trial court granted summary judgment in favor of the defendant after the plaintiff failed to comply with the trial court's discovery order. The plaintiff then filed a Rule 59 motion to reconsider or set aside the order granting summary judgment. *Id*. On appeal, the supreme court found no abuse of discretion in the trial court's denial of the plaintiff's Rule 59 motion, explaining that the plaintiff failed to show an intervening change in controlling law, availability of new evidence not previously available, or the need to correct a clear error of law or to prevent manifest injustice. *Id*. at 233 (¶16).

¶29. Upon review, I find that Singleton has failed to prove that she is entitled to relief under Rule 59. *See Brooks*, 882 So. 2d at 233 (¶15). I find that the chancellor was within his discretion to deny Singleton's Rule 59 motion; therefore, I would affirm the chancellor's judgment.

**BARNES, C.J., AND GREENLEE, J., JOIN THIS OPINION.**