# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00676-COA

**HAILEY TAYLOR**                                                              **APPELLANT**

**v.**

**DEBBIE FAIR**                                                                   **APPELLEE**

DATE OF JUDGMENT:                 06/19/2024
TRIAL JUDGE:                           HON. JACQUELINE ESTES MASK
COURT FROM WHICH APPEALED:     UNION COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:          HAILEY TAYLOR (PRO SE)
ATTORNEY FOR APPELLEE:           DEBBIE FAIR (PRO SE)
NATURE OF THE CASE:               CIVIL - OTHER
DISPOSITION:                       AFFIRMED - 09/09/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND WEDDLE, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Hailey Taylor filed a petition for writ of habeas corpus and emergency custody in the Union County Chancery Court, seeking custody of her minor child, C.T.[1]  After a hearing, the chancery court determined that Hailey was seeking review and modification of a permanency order entered by the Marshall County Youth Court that granted durable legal custody of C.T. to C.T.'s paternal grandmother, Debbie Fair.  The chancery court dismissed Hailey's petition for lack of jurisdiction over the matter.

¶2.     Hailey now appeals the chancery court's order dismissing her petition for writ of habeas corpus and emergency custody.  Finding no error, we affirm.

---

[1] Initials are used to protect the identity of the minor child.

## FACTS

¶3. In October 2016, Hailey filed a complaint in the Union County Chancery Court seeking a divorce from Matthew Taylor on the ground of habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. Hailey also sought custody of the parties' child, C.T., who was born in 2014. In the complaint for divorce, Hailey asserted that she, Matthew, and C.T. had resided in Union County until their separation in September 2016. Hailey stated that after the parties' separation, she and C.T. moved to Holly Springs, Mississippi, which is in Marshall County. On that same day, Hailey filed a petition for a temporary restraining order in the Union County Chancery Court against Matthew, alleging domestic violence.

¶4. In November 2016, the Union County Chancery Court entered a temporary restraining order and also granted Hailey temporary custody of C.T. Later that month, the chancery court held a hearing on the temporary restraining order. At the hearing, Hailey and Matthew agreed to a temporary custody arrangement for C.T., with Hailey being awarded physical custody of C.T. and Matthew being awarded reasonable supervised visitation at the home of Matthew's mother, Debbie Fair.

¶5. The record reflects that on October 16, 2020, officers with the Marshall County Sheriff's Department found methamphetamine and drug paraphernalia in Hailey's home. C.T. was present in the home when officers found the drugs and paraphernalia, and the Mississippi Department of Child Protection Services (CPS) removed C.T. from Hailey's custody. Hailey was also arrested.

2

¶6. On October 18, 2020, the Marshall County Youth Court approved a safety plan prepared by CPS. The safety plan set forth that C.T. would be placed in Matthew's custody and that during the course of the safety plan, Hailey was not to have any contact with C.T.

¶7. The record contains a safety-plan review order entered by the Marshall County Youth Court on November 10, 2020. In the order, the youth court acknowledged its jurisdiction over the matter. The order stated that C.T. would remain in Matthew's custody and reside with Matthew at Debbie's home. Hailey was granted visitation with C.T. during the day.

¶8. On December 31, 2020, the Marshall County prosecutor filed a petition alleging that C.T. was a neglected child under Mississippi Code Annotated section 43-21-105 (Supp. 2019). The petition listed Hailey and C.T.'s residence as Holly Springs (in Marshall County).

¶9. On March 2, 2021, the Marshall County Youth Court held an adjudication hearing regarding C.T. After the hearing, the youth court entered an order adjudicating C.T. as a neglected child. The order reflects that Hailey was present at the hearing and represented by counsel.

¶10. The Marshall County Youth Court held a disposition hearing for C.T. on June 15, 2021. Hailey was present for the hearing and represented by counsel. After the hearing, the youth court found that "good and sufficient cause exists" to enter a disposition order granting Debbie durable legal and physical custody of C.T. The order reflects that the Marshall County CPS had made reasonable efforts to reunify C.T. with Matthew and Hailey, but the reasonable efforts to reunify were unsuccessful.

¶11. On June 2, 2022, Hailey filed a petition for writ of habeas corpus and order to show cause against Debbie and the Marshall County CPS. Hailey filed the petition in the Union County Chancery Court. The chancery court subsequently entered an order consolidating Hailey's habeas corpus action with her divorce action. On June 9, 2022, the chancery court entered an order denying Hailey's requests for relief in her petition as to Debbie. The order also stated that because Hailey failed to notify the Marshall County CPS of the proceedings, the matter would be held in abeyance pending proper notice. A hearing on Hailey's petition was set for June 17, 2022.

¶12. On June 17, 2022, the Union County Chancery Court held a hearing on Hailey's June 2, 2022 petition for writ of habeas corpus and order to show cause. Hailey appeared at the hearing and made an ore tenus motion for a continuance, which the court granted.

¶13. Meanwhile, on June 21, 2022, the Marshall County Youth Court held a permanency hearing regarding custody of C.T. After the hearing, the youth court entered a permanency order finding that Hailey failed to comply with the reunification plan set in place by the Marshall County CPS. The youth court ultimately ordered that durable legal and physical custody of C.T. would remain with Debbie.

¶14. On May 1, 2024, Hailey filed a first amended petition for writ of habeas corpus and emergency custody of C.T. in the Union County Chancery Court. In the petition, Hailey alleged that C.T. was removed from her custody without due process and that C.T. was being unlawfully withheld from her. Hailey also argued that the orders the Marshall County Youth Court entered regarding custody of C.T. were void because the youth court lacked personal

4

jurisdiction over Hailey and C.T. Hailey maintained that the proper venue was Union County. Hailey also claimed that the Marshall County CPS employees committed "extrinsic fraud" to procure the youth court's orders. Finally, Hailey claimed that a material change in circumstances had occurred that adversely affected C.T., and as a result, the court should award Hailey custody of C.T. In support of her claim, Hailey alleged that Debbie allowed C.T., who was ten years old at the time, to have unsupervised and unrestricted access to the internet; that Debbie failed to provide C.T. with proper care and supervision; and that Debbie arbitrarily denied Hailey visitation with C.T. Hailey also alleged that Matthew's visitation with C.T. should be supervised in the future.

¶15. The Union County Chancery Court held a hearing on Hailey's petition for writ of habeas corpus and emergency custody on May 2, 2024. At the hearing, Hailey informed the chancellor that she had already appealed the Marshall County Youth Court's permanency order. Hailey explained that she filed the present petition in Union County Chancery Court "to try and appeal for custody again" and to show that "there's been a fraud on the [youth] court." The chancellor informed Hailey that the Union County Chancery Court did not have jurisdiction to address her claims for modification of custody, explaining that pursuant to Mississippi Code Annotated section 43-21-609(b) (Rev. 2023), the Marshall County Youth Court had original and exclusive jurisdiction over any claims for modification of durable legal custody.[2] Hailey then asked if her request for "emergency custody" would give the

---

[2] Section 43-21-609(b) states, in pertinent part, that "[a]fter granting durable legal custody of a minor child, the youth court shall retain original and exclusive jurisdiction of all matters related to durable legal custody, including, but not limited to, petitions to modify the durable legal custody." Miss. Code Ann. § 43-21-609(b).

chancery court jurisdiction over the matter. The chancellor ultimately declined to exercise jurisdiction over the matter, explaining that the "youth court has the same authority to have emergency hearings" as the chancery court.

¶16. After the hearing, the chancery court entered an order finding that it lacked jurisdiction over Hailey's claims and accordingly dismissed Hailey's petition for writ of habeas corpus and emergency custody. This appeal followed. Debbie, who was a named respondent below, did not file an appellee's brief with this Court.[3]

## STANDARD OF REVIEW

¶17. Our determination of "[w]hether the chancery court had jurisdiction to hear a particular matter is a question of law, to which this Court must apply a de novo standard of review." *In re Adoption of Jane*, 360 So. 3d 286, 290 (¶12) (Miss. Ct. App. 2023) (quoting *In re Adoption of C.C.B. v. G.A.K.*, 306 So. 3d 674, 677 (¶8) (Miss. 2020)).

## DISCUSSION

---

[3] When the appellee fails to file a brief,

> this Court has two options. First, we may take the appellee's failure to file a brief as a confession of error and reverse. This option is favored when the record is complicated or of large volume and the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error. However, if the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we may disregard the appellee's error and affirm.

*Poole v. Walton*, 214 So. 3d 1064, 1066 (¶5) (Miss. Ct. App. 2016). "Where issues of child custody are involved, we are compelled to review the record, notwithstanding the appellee's failure to file a brief." *Wade v. Wade*, 967 So. 2d 682, 683 (¶4) (Miss. Ct. App. 2007) (internal quotation marks omitted).

¶18.    The judgment before us on appeal is the Union County Chancery Court's order dismissing Hailey's first amended petition for writ of habeas corpus and emergency custody of C.T.   The chancery court dismissed Hailey's petition after finding that it lacked jurisdiction over the matter.   Hailey argues that Mississippi Code Annotated section 43-21-151(1)(c) (Rev. 2023) gives the chancery court jurisdiction to address her claims. Hailey therefore asserts that the chancery court erred by dismissing her petition and by failing to address the following: the best interests of C.T.; the Marshall County Youth Court's lack of jurisdiction to issue the permanency order; and the alleged extrinsic fraud committed by the CPS workers in procuring the youth court's judgment.[4]

¶19.    Mississippi Code Annotated section 43-21-151(1) establishes that "[t]he youth court shall have exclusive original jurisdiction in all proceedings concerning . . . a neglected child[] [and] an abused child[.]"   However, subsection (1)(c) of this section provides an exception to this rule:

> When a charge of abuse or neglect of a child first arises in the course of a custody action between the parents of the child already pending in the chancery court and no notice of such abuse was provided prior to such chancery proceedings, the chancery court *may* proceed with the investigation, hearing and determination of such abuse or neglect charge as a part of its hearing and determination of the custody issue as between the parents,

[4] In her appellate brief, Hailey also raises assignments of error regarding (1) the chancery court's finding that Hailey failed to notify Matthew of the present action and failed to serve process on the Marshall County CPS and (2) the chancery court's observation that Hailey failed to request permission to file her amended petition for writ of habeas corpus pursuant to Mississippi Rule of Civil Procedure 15(a).   Our review of the chancery court's order shows that the court did not base its dismissal of Hailey's petition on these findings. Rather, the chancery court simply characterized them as "deficiencies."   We therefore focus our review on the chancery court's finding that it did not have jurisdiction to address the issues Hailey raised in her petition.

notwithstanding the other provisions of the Youth Court Law.

*Id*. § 43-21-151(1)(c) (emphasis added). Hailey asserts that because her 2016 complaint for divorce, which includes her request for custody of C.T., is still pending in the Union County Chancery Court, the chancery court has jurisdiction to address the claims Hailey raised in her petition for writ of habeas corpus and emergency custody.

¶20. In its order of dismissal, the chancery court addressed section 43-21-151(1)(c) and its application to the present action. The chancery court acknowledged Hailey's 2016 complaint for divorce but found that the divorce action had "fallen inactive."[5] The chancery court ultimately determined that due to the "procedural developments" of the inactive divorce action and the youth court proceedings in Marshall County regarding Hailey's neglect of C.T., the chancery court did not have jurisdiction over the issues Hailey raised in her petition.

¶21. Section 43-21-151(1)(c) grants both the chancery court and the youth court jurisdiction over abuse allegations that arise after a custody action is already pending in chancery court. *See Davis v. Davis*, 329 So. 3d 461, 469 (¶36) (Miss. Ct. App. 2021). However, this Court has clarified that "the chancery court's jurisdiction over that category of abuse claims arising after its assumption of jurisdiction over custody is not exclusive, but is conditioned on the chancery court's election to assume jurisdiction[.]" *In Int. of V.M.H.*, 223 So. 3d 187, 189 (¶4) (Miss. Ct. App. 2017); *Helmert v. Biffany*, 842 So. 2d 1287, 1292 (¶20) (Miss. 2003) (recognizing that although section 43-21-151(1)(c) grants the youth court

---

[5] The chancellor explained that after Hailey filed her complaint for divorce in 2016, "[n]o further action was taken" until "approximately five and a half years later," when the Union County Chancery Court entered its June 2, 2022 order consolidating Hailey's habeas corpus action with her divorce action.

"exclusive jurisdiction in abuse proceedings, that jurisdiction *may* be retained by the chancery court if allegations of abuse are brought during the pendency of a custody hearing" (emphasis added)). In the present case, the chancery court declined to assume jurisdiction over any abuse claims Hailey raised in her petition. Because section 43-21-151(1)(c) expressly allows the chancery court to assume—or decline—jurisdiction over abuse allegations that arise during the pendency of a custody action in that court, we find no error in the chancery court's decision to decline to assume jurisdiction. *See V.M.H.*, 223 So. 3d at 190 (¶6).

¶22. We also find that the chancery court properly declined to address Hailey's claims attacking the youth court's permanency order as void and the result of extrinsic fraud. As acknowledged by the chancery court in its order of dismissal, "a chancery court is not to function as an appeals court for prior youth-court decisions." *McDonald v. McDonald*, 39 So. 3d 868, 886 (¶60) (Miss. 2010). Furthermore, any petition to modify the youth court's grant of durable legal custody must be brought in the youth court. Section 43-21-609(b) provides that in cases like the one before us, where the youth court has granted durable legal custody of the minor child, "the youth court shall retain original and exclusive jurisdiction of all matters related to durable legal custody, including, but not limited to, petitions to modify the durable legal custody." Miss. Code Ann. § 43-21-609(b).[6]

---

[6] *See also* U.R.Y.C.P. Rule 28(d)(1) ("A durable legal custody order shall not be modified except upon the court finding: (i) a substantial change in circumstances which has adversely affected the child; (ii) that the order modifying the durable legal custody order remedies the conditions; and (iii) that such modification is in the best interest of the child and the interests of justice.").

¶23.    After our review, we find that the Union County Chancery Court did not err in dismissing Hailey's first amended petition for writ of habeas corpus and emergency custody of C.T.  We therefore affirm the chancery court's order of dismissal.

¶24.    **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.  McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**